**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30127 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00002-TMB-1 |
| v. | |
| BRUCE EDWARD CROSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted March 10, 2011[**]
Seattle, Washington

Before: FISHER, GOULD and TALLMAN, Circuit Judges.

Bruce Edward Cross appeals the district court's denial of his motion to

suppress evidence discovered during an investigatory stop of his vehicle. We

review the denial of the motion to suppress de novo, and affirm. *See United States*

*v. Jennen*, 596 F.3d 594, 598 (9th Cir. 2010).

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Officers have reasonable suspicion when 'specific, articulable facts . . . together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (quoting *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000)). We assess reasonable suspicion in light of the totality of the circumstances. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The totality of the circumstances here – including the officer's training, experience and specific knowledge about the woman's prior arrest, Cross' location in a known area of prostitution late at night, and the woman's appearance and conduct – gave the officer reasonable suspicion to believe the occupants of Cross' vehicle were engaged in criminal activity involving prostitution, thereby justifying the investigatory stop.

**AFFIRMED.**